**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  13-cv-01811-REB-KMT

UNITED STATES OF AMERICA, for the use and benefit of
DARO TECH, LTD, a Colorado corporation,

      Plaintiffs,

v.

CENTERRE GOVERNMENT CONTRACTING GROUP, LLC, a Colorado limited liability
company,
BERKLEY REGIONAL INSURANCE COMPANY, a Delaware corporation,
KIEWIT BUILDING GROUP, INC., a Delaware corporation,
TURNER CONSTRUCTION COMPANY, a New York corporation,
KIEWIT-TURNER A JOINT VENTURE, a joint venture doing business in Colorado,
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut
corporation,
FEDERAL INSURANCE COMPANY, a New Jersey corporation,
FIDELITY AND DEPOSIT COMPANY OF MARYLAND/ZURICH AMERICAN
INSURANCE COMPANY, an Illinois corporation,
LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, and
THE CONTINENTAL INSURANCE COMPANY, an Illinois corporation,

      Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

      The matter before me is the **Recommendation of United States Magistrate

Judge** [#95],[1] filed March 3, 2014.  No objection having been timely filed to the

---

[1] "[#95]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

recommendation,[2] I review it for plain error only.  ***See Morales-Fernandez v. Immigration & Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).  Finding no such error in the magistrate judge's recommended disposition, I find and conclude that the recommendation should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Recommendation of United States Magistrate Judge** [#95], filed March 3, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2.  That **Turner Construction Company's Motion To Dismiss** [#37], filed August 23, 2013, is **GRANTED**, and all putative claims against this defendant are **DISMISSED WITHOUT PREJUDICE**;

3.  That **Kiewit Building Group's Motion To Dismiss** [#68], filed September 20, 2013, is **GRANTED** and all putative claims against this defendant are **DISMISSED WITHOUT PREJUDICE**;

4.  That **Kiewit-Turner's Motion To Dismiss Second and Fourth Claims for Relief Against Kiewit-Turner, or, in the Alternative, Motion To Stay** [#30], filed August 23, 2013, is **DENIED**;

5.  That **Kiewit-Turner Sureties' Motion To Dismiss Plaintiff's Second and Fourth Claims for Relief, or, in the Alternative, Motion To Stay** [#33], filed August

---

[2]  In fact, two of the defendants and plaintiff have all filed notices apprising the court that they do not object to the magistrate judge's recommended disposition.  (*See* **Daro Tech, Ltd.'s Notice of No Objection to the Recommendation of United States Magistrate Judge Filed March 3, 2014** [#96], filed March 12, 2014; **Defendant Berkley Regional Insurance Company's Notice of No Objection to the Recommendation of United States Magistrate Judge Filed March 3, 2014** [#97], filed March 17, 2014; **Defendant Centerre Government Contracting Group, LLC's Notice of No Objection to the Recommendation of United States Magistrate Judge Filed March 3, 2014** [#98], filed March 17, 2014.)  No other defendant impacted by the recommendation has submitted timely objections.

23, 2013, is **DENIED**;

6. That **Defendant Centerre Government Contracting Group, LLC's Motion To Dismiss Plaintiff's First, Third, Fifth, Sixth and Seventh Claims for Relief or, in the Alternative, Motion To Stay the Proceedings** [#51], filed September 10, 2013, is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. That the motion is **GRANTED** with respect to plaintiff's First Claim for Relief under the Miller Act, and that claim is **DISMISSED WITHOUT PREJUDICE** for lack of federal subject matter jurisdiction; and

b. That in all other respects, the motion is **DENIED**;

7. That **Defendant Berkley Regional Insurance Company's Motion To Dismiss Plaintiff's First and Third Claims for Relief or, in the Alternative, Motion To Stay the Proceedings** [#55], filed September 10, 2013, is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. That the motion is **GRANTED** with respect to plaintiff's First Claim for Relief under the Miller Act, and that claim is **DISMISSED WITHOUT PREJUDICE** for lack of federal subject matter jurisdiction; and

b. That in all other respects, the motion is **DENIED**;

8. That at the time judgment enters, judgment without prejudice **SHALL ENTER** as follows:

a. On behalf of defendants, Turner Construction Company, a New York corporation; and Kiewit Building Group, Inc., a Delaware corporation against plaintiff, United States of America for the use and benefit of Daro

Tech, Ltd., a Colorado corporation, as to all claims and causes of action asserted against these defendants herein;

b.  On behalf of defendants, Centerre Government Contracting Group, LLC, a Colorado limited liability company; and Berkley Regional Insurance Company, a Colorado corporation against plaintiff, United States of America for the use and benefit of Daro Tech, Ltd., a Colorado corporation, as to plaintiff's First Claim for Relief under the Miller Act; and

9.  That defendants, Turner Construction Company, a New York corporation, and Kiewit Building Group, Inc., a Delaware corporation, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly.

Dated March 24, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

4